COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Senior Judge Hodges
Argued at Chesapeake, Virginia


WENDY S. BEHNKE

v.        Record No. 0005-03-1

MARK J. BEHNKE

MEMORANDUM OPINION* BY
JUDGE WILLIAM H. HODGES
OCTOBER 28, 2003


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

Robert B. Jeffries (Law Offices of Diane Fener, P.C., on briefs),
for appellant.

Bobby W. Davis for appellee.


Wendy S. Behnke, wife, appeals a decision of the trial court granting the bill of complaint

for divorce filed by Mark J. Behnke, husband.  On appeal, wife contends:  (1) the statutory

presumption of domicile for a member of the armed services is rebuttable; (2) the evidence showed

that husband was not domiciled in Virginia; (3) the trial court's pretrial ruling that it had subject

matter jurisdiction did not preclude the wife from raising that issue to the commissioner; and (4)

pursuant to Code § 20-146.1 *et seq.*, the trial court lacked jurisdiction to determine the child custody

issue.  We affirm the trial court's ruling that it had jurisdiction to hear the divorce case.  However,

we reverse the trial court's ruling that it had jurisdiction to make an initial child custody

determination.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties were married in California in 1983, and they moved to Virginia in 1984. Husband has been a member of the United States Navy since 1982. In 1988, husband and wife purchased a house in Virginia Beach where they resided together for fifteen years. The parties had one child, who was born in 1992. They separated in September 1999, and wife continued to reside in Virginia Beach until November 1, 2000 when she moved to Florida, taking the child with her. On October 30, 2000, husband and wife entered into a separation agreement wherein they agreed to have joint legal and physical custody of the child, with the child residing with the wife when husband was standing duty or going out to sea. The agreement also provided that the child would reside with the wife in Florida during the 2000-2001 school year and that the parties would determine "further custody" of the child after the completion of the 2000-2001 school year.

On July 13, 2001, husband filed a bill of complaint for divorce in the circuit court of the City of Virginia Beach. Wife, by special appearance, filed a pleading objecting to the trial court's jurisdiction to hear the divorce case on the ground that neither she nor husband had "ever been a domiciliary of Virginia." She requested that the bill of complaint be dismissed for lack of subject matter and personal jurisdiction.

On December 7, 2001, the trial court held an evidentiary hearing on the jurisdiction issue. The record contains no transcript or written statement of facts concerning that proceeding. By order entered on February 1, 2002, the trial court denied wife's motion objecting to jurisdiction. The trial court then referred the case to a commissioner in chancery and directed him to take testimony and report his findings to the court.

On July 9, 2002, the commissioner held a hearing concerning child custody and support. Prior to the taking of evidence, wife again sought to raise the issues of subject matter and personal jurisdiction, and she requested that the commissioner take evidence concerning those issues. The

commissioner referred to the trial court's February 1, 2002 order and found that the order "settles the point that the circuit court has already ruled that this [c]ourt has jurisdiction." Wife then proffered evidence concerning husband's domicile, arguing that he was domiciled in Florida.

Husband represented to the commissioner that, at the hearing in the trial court concerning the jurisdiction issue, wife presented the same evidence and documents she proffered at the commissioner's hearing. He also stated that the parties had stipulated that husband had been stationed in Virginia with the military for at least six months prior to the date he filed the bill of complaint. Husband argued that the jurisdiction issue had already been decided by the trial court. The commissioner then took evidence concerning the child custody issues.

After the commissioner issued his report, wife filed exceptions to the report and, on November 8, 2002, the trial court held a hearing on wife's exceptions. Wife contested the jurisdiction of the court to hear the divorce case, and she argued that the commissioner had erred in failing to reconsider the jurisdiction issue because she had new evidence on the matter to present to the commissioner. The trial court found that the record did not show wife indicated to the commissioner that she had new evidence related to the jurisdiction question. The trial court also stated that wife had an opportunity to present her evidence at the time of the trial court's hearing on the jurisdiction issue. The trial court then ruled that the child custody matter was ancillary to the divorce case and, because the trial court had jurisdiction to hear the divorce case, it had jurisdiction to determine child custody. Wife appeals the final decree containing the trial court's decision.

## ANALYSIS

Wife first contends that the statutory presumption of Code § 20-97(1) may be rebutted.

Code § 20-97 provides that, in order for a divorce suit to be maintainable in Virginia, one of the parties must be an actual *bona fide* resident and domiciliary of Virginia for at least six months prior to the commencement of the suit. Code § 20-97(1) provides:

If a member of the armed forces of the United States has been stationed or resided in this Commonwealth and has lived for a period of six months or more in this Commonwealth next preceding the commencement of the suit, then such person shall be presumed to be domiciled in and to have been a bona fide resident of this Commonwealth during such period of time.

We need not decide whether the presumption in this subsection is rebuttable and not conclusive because the record does not indicate this issue was raised in the trial court. The transcript of the hearing at which the jurisdiction issue was raised and determined is not contained in the record. The trial judge's order overruling the motion to dismiss for lack of jurisdiction does not address this issue. The evidence in the record clearly showed that husband is a member of the armed forces, has been stationed or resided in Virginia, and has lived in Virginia for a period of six months or more "next preceding the commencement" of the divorce suit. Therefore, husband was domiciled in and was a *bona fide* resident of Virginia. Accordingly, the trial court had subject matter jurisdiction to adjudicate the parties' divorce suit.

Wife also argues that the commissioner erred in refusing to take evidence regarding the jurisdiction issue. The record establishes, however, that the jurisdiction question had been decided by the trial court prior to the court's referral of the case to the commissioner.

> The Supreme Court has defined the authority of a commissioner in chancery in an equity proceeding as "an officer appointed by the chancellor to aid him [or her] in the proper and expeditious performance of his [or her] duties." When a trial court refers a cause to a commissioner in chancery, it does not delegate its judicial functions to the commissioner in chancery.

Kelker v. Schmidt, 34 Va. App. 129, 136-37, 538 S.E.2d 342, 346 (2000) (citations omitted). "Commissioners are to assist the court, not to supplant it." Raiford v. Raiford, 193 Va. 221, 229-30, 68 S.E.2d 888, 894 (1952).

The trial court had ruled on the issue of jurisdiction prior to referring the case to the commissioner. The commissioner was without authority to overrule that decision. Furthermore,

"'the actions of the commissioner are not binding on the chancellor, who must exercise independent judicial judgment over the evidence presented in the commissioner's report.'" Kelker, 34 Va. App. at 137, 538 S.E.2d at 346 (citation omitted). Therefore, had the commissioner decided the issue differently, his decision would not have been binding on the trial court. Accordingly, the commissioner did not err in refusing to reconsider the jurisdiction issue.

Wife argues the trial court lacked jurisdiction to rule on the child custody matter because the child had resided in Florida since November 1, 2000, more than six months before the bill of complaint was filed on July 13, 2001.

Code § 20-146.12(1) provides, in pertinent part:

> A. Except as otherwise provided in § 20-146.15, a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> 1. This Commonwealth is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth[.]

"Home state" is defined, in relevant part, as: "[T]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." Code § 20-146.1.

The evidence is undisputed that the child moved with his mother from Virginia Beach to Florida on November 1, 2000. On July 13, 2001, more than six months after the child moved to Florida, husband filed the bill of complaint requesting a divorce and joint legal and physical custody of the child. Applying the statutory definition to these facts, the child's home state is Florida, and the Virginia Beach circuit court lacked jurisdiction to determine child custody in this case. Furthermore, Code § 20-146.12(B) provides that Code § 20-146.12(A) is "the exclusive jurisdictional basis for making a child custody determination by a court of this

Commonwealth," and the exceptions listed in Code § 20-146.15 are inapplicable here. Accordingly, we hold that the trial court erred in ruling it had jurisdiction to determine child custody in this case.

In sum, the trial court had jurisdiction to adjudicate the parties' divorce case pursuant to Code § 20-97. However, the trial court lacked jurisdiction to make an initial child custody determination pursuant to Code § 20-146.12. Thus, the trial court's final decree, as it pertains to matters of child custody, is null and void.

Affirmed in part,
reversed in part.